UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NANOSTRING TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 12-cv-05712 RS (NC)<br><br>**ORDER RE: NANOSTRING'S MOTION TO PROTECT CONFIDENTIALITY AND RELATED ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 33, 34, 40, 45 |

This case was referred for discovery to the undersigned Magistrate Judge. Dkt. No. 36. Before the Court is NanoString's motion seeking to maintain the confidentiality designations on certain documents produced by NanoString in this matter under a stipulated protective order, Dkt. No. 34. Also pending before the Court are the parties' motions to file under seal documents in support of the Motion to Protect Confidentiality, Fluidigm's response to that motion, and NanoString's reply. Dkt. Nos. 33, 40, 45. On September 18, 2013, the Court held a hearing to address these pending motions, and hereby orders as follows:

1. NANOSTRING'S MOTION TO PROTECT CONFIDENTIALITY. The motion is taken under submission.

//

By **October 7, 2013**, NanoString may file declaration(s) providing evidentiary support for the assertions made in Appendix 1, attached to NanoString's Motion to Protect Confidentiality, and showing with respect to each one of the documents at issue that there is good cause for a protective order and that the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" ("OAEO") designation is justified under the stipulated protective order. Furthermore, if NanoString contends that an entire document is properly designated "OAEO," the declaration(s) must show that the "OAEO" designation is justified with respect to the entirety of the document, rather than certain portions of it. *See* Dkt. No. 26 ¶ 5.1 ("To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order."); Fed. R. Civ. P. 26(c)(1)(G); *Phillips ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210, 1211 n.1 (9th Cir. 2002) (when the court has issued a stipulated protective order and no party has made a "good cause" showing, then the burden of proof for why a protective order is necessary remains with the party seeking protection); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (a particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient to file under seal documents attached to a non-dispositive motion).

Fluidigm may file declaration(s) in response within 7 days of the date NanoString files its declaration(s). The Court will defer its decision on NanoString's Motion to Protect Confidentiality pending the parties' submissions of the above declarations.

Additionally, by **September 30, 2013**, Fluidigm is permitted to file (1) a declaration, or a response/objection not to exceed 3 pages, in response to the declaration of Chris Grimley, Dkt. No. 47, filed by NanoString in support of its reply; and (2) a declaration, including supporting materials, limited to responding to the argument regarding reverse transcriptase made by NanoString on reply.

//

Finally, Fluidigm has not specifically identified the employees to whom it wishes to provide access to the "OAEO" documents at issue, and has only described them generally as Fluidigm's in-house counsel, executives and designated scientists. By **October 7, 2013**, the parties must meet and confer regarding the possibility of resolving this dispute by agreeing to allow access to the "OAEO" documents to a limited number of specifically identified employees of Fluidigm, and must file a joint letter, not exceeding 3 pages, informing the Court of the outcome of the meet and confer process.

2. NANOSTRING'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL APPENDIX 1 AND APPENDICES 1.1-1.75, DKT. NO. 33. This motion is DENIED as to Appendix 1, and taken under submission with respect to Appendices 1.1-1.75.

A request to file under seal must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(a). While NanoString asserts that Appendix 1 should be sealed because it describes the contents of the documents attached as Appendices 1.1-1.75, which have been designated "OAEO," Dkt. No. 33-1 ¶ 5, NanoString has not provided "a declaration establishing that the *entire* document is sealable" as required by Civil Local Rule 79-5(b)(1) (emphasis added). Instead, Appendix 1 appears to contain primarily general descriptions and arguments that do not reveal the specific contents of the documents. By **October 7, 2013**, NanoString may file an administrative motion to file under seal a redacted version of Appendix 1, accompanied by "a declaration establishing that a portion of the document is sealable." Civ. L.R. 79-5(c)(1). If no such motion is filed, NanoString must either retain Appendix 1 and not make it part of the record in the case, or, by **October 7, 2013**, re-submit the document for filing in the public record. *See* Civ. L.R. 79-5(e).

The Court will defer its decision on the request to seal Appendices 1.1-1.75 and will resolve the issue at the same time as NanoString's Motion to Protect Confidentiality.

//

Case No12-cv-05712 RS (NC)
ORDER RE: MOTIONS TO PROTECT                3
CONFIDENTIALITY AND TO SEAL

3. FLUIDIGM'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL FLUIDIGM'S OPPOSITION TO NANOSTRING'S MOTION TO PROTECT CONFIDENTIALITY AND 10 EXHIBITS CITED IN THE OPPOSITION BRIEF, DKT. NO. 40. This motion is DENIED.

The declaration filed by Fluidigm in support of its motion to seal states that the opposition brief "contains specific references" to documents designated "OAEO" by NanoString. Dkt. No. 40-1 ¶ 3. However, the declaration fails to "establish[] that the entire document is sealable" as required by Civil Local Rule 79-5(b)(1). The request to seal, for example, includes Fluidigm's case citations and discussion of case law, which are not sealable. By **October 7, 2013**, Fluidigm may file an administrative motion to file under seal a redacted version of its opposition brief, accompanied by "a declaration establishing that a portion of the document is sealable." Civ. L.R. 79-5(c)(1). If no such motion is filed, Fluidigm must either retain the opposition brief and not make it part of the record in the case, or, by **October 7, 2013**, re-submit the document for filing in the public record. *See* Civ. L.R. 79-5(e).

In addition, Fluidigm seeks to seal the 10 exhibits on the basis that NanoString designated them "OAEO" pursuant to the Protective Order. Dkt. No. 40. NanoString, however, has failed to establish that the 10 exhibits are sealable. Civil Local Rule 79-5(d) requires the designating party to file within 7 days of the sealing motion's filing date a declaration "establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Rule 79-5(d) further provides that "if the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." In Appendix 2 attached to its reply, NanoString addresses some of the 10 exhibits and states its intention to reproduce certain documents without a confidentiality designation. Dkt. No. 46-6. With respect to other documents, NanoString maintains that they are properly designated "OAEO," but has failed to provide the required declaration in accordance with Rule 79-5(d). Thus, unless NanoString files

1  such a declaration and narrowly tailored proposed sealing order by **October 7, 2013**, the
2  exhibits at issue will be made part of the public record with the exception of Exhibit 8
3  (document beginning with Bates No. NANO-024340) and parts of Exhibit 10 (documents
4  beginning with Bates Nos. NANO-032068 and NANO-032069) which are also subject to
5  the Motion to Protect Confidentiality as Appendices 47 and 54, respectively.

6      4. NANOSTRING'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE
7  UNDER SEAL ITS REPLY BRIEF, AND 4 EXHIBITS. DKT. NO. 45. This motion is
8  DENIED.

9      NanoString's declaration in support of the motion to seal explains that the reply brief
10  "quotes and references material contained in other documents that have been designated
11  either 'CONFIDENTIAL' or ['OAEO'] pursuant to the Protective Order." Dkt. No. 45-1 ¶
12  5. This declaration also does not "establish[] that the entire document is sealable" as
13  required by Civil Local Rule 79-5(b)(1). NanoString may file an administrative motion to
14  file under seal a redacted version of its reply brief, accompanied by "a declaration
15  establishing that a portion of the document is sealable." Civ. L.R. 79-5(c)(1). If no such
16  motion is filed, NanoString must either retain the reply brief and not make it part of the
17  record in the case, or, by **October 7, 2013**, re-submit the document for filing in the public
18  record. *See* Civ. L.R. 79-5(e).

19      With respect to the attached exhibits, the declaration explains that Exhibit F was
20  designated "CONFIDENTIAL" by Fluidigm, and that NanoString designated exhibits G, H,
21  and I as either "CONFIDENTIAL" or "OAEO." Dkt. No. 45-1 ¶¶ 3-4. Fluidigm and
22  NanoString have failed to provide the required declarations for the respective documents
23  they have designated under the stipulated protective order. Unless Fluidigm files the
24  declaration and narrowly tailored proposed sealing order required by Rule 79-5(d) with
25  respect to Exhibit F by **October 7, 2013**, the document will be made part of the public
26  record. Additionally, unless NanoString files the declaration required by Rule 79-5(b)(1)
27  with respect to exhibits G, H, and I, NanoString must either retain those documents and not
28  make them part of the record in the case, or, by **October 7, 2013**, re-submit them for filing

Case No 12-cv-05712 RS (NC)
ORDER RE: MOTIONS TO PROTECT    5
CONFIDENTIALITY AND TO SEAL

in the public record. *See* Civ. L.R. 79-5(e).

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order. *See* Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: September 23, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge